**D–CON COMPANY, INC., Plaintiff,**

v.

**Clifford L. ALLENBY, et al.,
Defendants.**

**No. C 89 0332–FMS.**

United States District Court,
N.D. California.

Nov. 13, 1989.

Michael J. Bonesteel, Patricia J. Kenney, and Tammy L. Andrews, Haight, Brown & Bonesteel, Santa Monica, Cal., for plaintiff.

Andrea Sheridan Ordin, Chief Asst. Atty. Gen., Theodora Berger, Asst. Atty. Gen., Craig C. Thompson, Clifford Rechtschaffen, and Edward G. Weil, Deputy Attys. Gen., San Francisco, Cal., for defendants.

FERN M. SMITH, District Judge.

Plaintiff, d-Con Company (d-con), moves for partial summary judgment, seeking a declaratory judgment that the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 *et seq.*, (FIFRA), preempts defendants from imposing warnings under California's Safe Drinking Water and Toxic Enforcement Act, better known as Proposition 65 (Prop 65). Plaintiff also challenges Prop 65 on Commerce Clause grounds, but did not address that claim in this motion.

Defendants filed a cross-motion for partial summary judgment and a motion to transfer the case to the Eastern District of California. Having duly considered all pleadings and heard the arguments of counsel, this Court hereby GRANTS defendant's motion for partial summary judgement.

### FACTS

In 1986, California voters enacted Proposition 65. The portion of Prop 65 at issue in this case is contained in California Health and Safety Code § 25249.6:

> No person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual....

Section 25249.11(f) further provides:

> "Warning" ... need not be provided separately to each exposed individual and may be provided by general methods such as labels on consumer products, inclusion of notices in mailings to water customers, posting of notices, placing notices in public news media, and the like, provided that the warning accomplished is clear and reasonable.

The California Health and Welfare Agency issued regulations which define the acceptable ways of giving "clear and reasonable warning" pursuant to Prop 65. Adopting a "safe harbor" format, the regulations identify certain methods of providing warnings for consumer products that are "deemed to be clear and reasonable", but do not preclude other warning methods. Among the safe harbor methods are product labeling and "shelf labeling, signs, menus, or a combination thereof." (§ 12601(b)(1)(B)).[1]

FIFRA is a comprehensive federal regulatory scheme for registration of pesticide labels administered by the Environmental Protection Agency (EPA). Pesticide manufacturers must design labels in accordance with FIFRA guidelines and submit them for approval by the EPA.

The FIFRA portions relevant to this case state as follows:

§ 136v Authority of States

(a) In general

A state may regulate the *sale or use* of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter. (Emphasis added.)

(b) Uniformity

Such state shall not impose or continue in effect any requirements for *labeling or packaging* in addition to or different from those required under this subchapter. (Emphasis added.)

The parties agree that FIFRA expressly preempts state regulations governing pesticide labeling and packaging, while explicitly permitting state-imposed restrictions on pesticide sale or use. The only disputed issue, for purposes of this motion, is whether all warnings that would satisfy Prop 65 necessarily constitute product "labeling" within the meaning of FIFRA. If so, FIFRA preempts Prop 65.

After examination of the statutory language and legislative history of FIFRA, as

---

**1.** Whether any given warning notice satisfies Prop 65 is a question for California state courts to decide.

well as relevant case law, this Court concludes that Prop 65, on its face, is not preempted by FIFRA. Plaintiff has failed to demonstrate that every warning method that would satisfy Prop 65 must be characterized as "labeling" under FIFRA; to the extent that Prop 65 merely imposes restrictions on pesticide sale or use, without requiring additions or deletions to pesticide package labels, it is not preempted by FIFRA. Many warning methods, including the point-of-sale signs currently designated a "safe harbor" under Prop 65, may satisfy the requirements of the state of California without infringing on federal supremacy in the area of pesticide labeling.

Accordingly, defendant's motion for partial summary judgment as to plaintiff's first and second claims for relief is GRANTED; plaintiff's motion for partial summary judgment is DENIED. D–Con's challenge to Prop 65 on Commerce Clause grounds remains pending. Defendants' motion to transfer is under submission, awaiting the decision of United States District Judge Karlton of the Eastern District about whether to transfer to this Court the related case currently pending before him. SO ORDERED.