CHEMICAL SPECIALTIES MANUFAC-
TURERS ASSOCIATION,
INC., Plaintiff,

v.

Clifford ALLENBY, Defendant.

Nos. C 90–0211 FMS, C 89–0332 FMS.

United States District Court,
N.D. California.

Sept. 13, 1990.

---

Charles A. O'Connor, III, Anthony C. Ching and Donna G. Diamon, McKenna, Conner & Cuneo, Los Angeles, Cal., for plaintiff; Stephen S. Kellner, Chemical Specialties, Washington, D.C., of counsel.

John K. Van de Kamp, Clifford Rechtschaffen, Edward Weil and Craig Thompson, Oakland, Cal., for defendant.

## ORDER GRANTING AND DENYING CROSS–MOTIONS FOR SUMMARY JUDGMENT

FERN M. SMITH, District Judge.

Plaintiff, Chemical Specialties Manufacturers Association (CSMA) is a trade association whose members manufacture a variety of chemical specialty products. Plaintiff filed an action for declaratory judg-ment in the Southern District, seeking a ruling that California's Proposition 65 (Prop 65) warning requirements are preempted by two federal statutes, the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136 *et seq.*, and the Federal Hazardous Substances Act (FHSA), 15 U.S.C. § 1261 *et seq.* The action was transferred from the Southern to the Eastern District and eventually transferred here soon after this Court granted partial summary judgment for defendant in the related case, *D–Con v. Allenby,* C 89 0332.

Pending before the Court are cross-motions for summary judgment on both the FIFRA and FHSA preemption issues. Plaintiff fails to adequately address this Court's decision in *D–Con v. Allenby,* 728 F.Supp. 605 (N.D.Cal.1989), wherein this Court found that, while FIFRA preempts state pesticide labeling requirements (which defendant conceded), it expressly permits state regulation of pesticide sale and use. Some of the Prop 65 warning methods deemed "safe harbor" methods by the California Health and Welfare Agency, *see* 22 CCR § 12601 *et seq.,* do not constitute "labeling" under FIFRA. Accordingly, the Court held Prop 65 not preempted by FIFRA and granted partial summary judgment in favor of defendant.

Given the earlier ruling on an identical challenge, and the fact that this plaintiff fails to raise any facts or law not previously considered by the Court, defendant's cross-motion for summary judgment as to FIFRA preemption is GRANTED and plaintiff's motion DENIED. The Court incorporates by reference its ruling in *D–Con v. Allenby,* 728 F.Supp. 605. The FHSA preemption issue is addressed below.

The Federal Hazardous Substances Act

The FHSA regulates interstate distribution and sales of hazardous consumer products which are intended for use or are packaged in a form suitable for use in the household or by children. It also gives the Consumer Product Safety Commission (CPSC), which administers the Act, authority to ban hazardous substances when nec-

essary to protect public health and safety. No overlap exists between the products regulated by the FHSA and those regulated by FIFRA. Unlike FIFRA, the FHSA does not require manufacturers to use a particular, federally approved label; instead the FHSA requires the use of certain warning words (e.g., "caution" or "danger") and allows the manufacturer to decide on the specific warning language.

The FHSA preempts state cautionary label requirements.[1] The statute defines labeling as follows:

> The term "label" means a display of written, printed, or graphic matter upon the immediate container of any substance or ... upon a tag or other suitable material affixed thereto; and a requirement made by or under authority of this title that any ... information appear on the label shall not be considered to be complied with unless such ... information also appears (1) on the outside container or wrapper ... and (2) on all accompanying literature *where there are directions for use,* written or otherwise.

15 U.S.C. § 1261(n) (emphasis added).[2]

Plaintiff argues that only direct package labeling will satisfy the Prop 65 "clear and reasonable" warning requirement. As previously stated by this Court, determinations as to what does and what does not meet the requirements of Prop 65 are best made by state courts. Plaintiff also contends that the alternative warning methods deemed "safe harbor" provisions by the California Health and Welfare Agency (e.g., point-of-sale signs and telephone information services) are all "labeling" within the meaning of the FHSA.

 Defendants argue that the Court need only find that *any* form of warning authorized by the existing regulations falls outside the scope of preempted "labeling" in order to find Prop 65 not preempted. It is unclear whether plaintiff disagrees with that proposition. Case law squarely supports defendant's view, however. "Federal regulation of a field of commerce should not be deemed preemptive of state regulatory power in the absence of persuasive reasons—either that the nature of the regulated subject matter permits no other conclusion, or that Congress has unmistakenly so ordained." *Florida Avocado Growers v. Paul,* 373 U.S. 132, 142, 83 S.Ct. 1210,

---

1. "Except as provided ... if a hazardous substance or its packaging is subject to a cautionary labeling requirement ... designed to protect against a risk of illness or injury associated with the substance, no State ... may establish or continue in effect a cautionary labeling requirement applicable to such substance or packaging and designed to protect against the same risk of illness or injury unless such cautionary labeling requirement is identical...." 15 U.S.C. § 1261 note (b)(1)(A). (This is the preemption provision currently in effect; it was adopted in 1976. The earlier preemption clause is quoted in footnote 4.)

Prop 65 requires a warning against the risk of cancer or birth defects. Defendant argues that, in many instances, the FHSA cautionary label protects against a different risk of illness or injury (i.e., some harm other than cancer or birth defects). In those instances, a manufacturer presumably could comply with Prop 65 by affixing a cautionary label to the product since the label would not be "designed to protect against the same risk of injury or illness." The Court need not decide whether defendant's reading of the statute is correct; even if a manufacturer could not comply with both Prop 65 and the FHSA via package labeling, other Prop 65 warning methods remain available to it.

2. Plaintiff relies on this portion of the statute to support the argument that *all* "accompanying literature" (such as shelf-labeling and other point-of-sale information) constitutes "labeling" under the FHSA. In addition to advancing a strained construction of that language, plaintiff would have the Court read the phrase "where there are directions for use" right out of the statute. That phrase appears repeatedly in reference to "accompanying literature." *See* 16 C.F.R. 1500.3(c)(9) (accompanying literature includes "any placard, pamphlet, booklet, book, sign, or other written or graphic matter or visual device *that provides directions for use ...* and that is used in connection with the display, sale, demonstration or merchandising of a hazardous substance ...); 40 C.F.R. § 1500.125 ("[w]hen any accompanying literature *includes or bears directions for use ...* such placard pamphlet, ... shall bear all the information required by § 2(p) of this act").

Plaintiff argues that a manufacturer could not lawfully include with its product "accompanying literature" which did not contain the required FHSA warning, even if such literature did *not* contain directions for use. That may be true. What a manufacturer may not do and what a state is preempted from requiring are not necessarily one and the same, however.

1217, 10 L.Ed.2d 248 (1962).[3] *See also Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1976) ("[W]e start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress"). In this case, the nature of the regulated subject matter—health and safety—is an area traditionally left to the states.

There is little case law interpreting the term "labeling" within the meaning of the FHSA. The two cases relied upon by plaintiff were both decided prior to the Congressional amendment which narrowed the scope of the FHSA's preemption provision[4] and both dealt with state regulations requiring information to be printed on the product label itself. *See CSMA v. Lowery*, 452 F.2d 431 (2d Cir.1971) (New York City regulation required that certain information appear on product container and on the "carton, case, or similar bulk package" housing the product); *CSMA v. Clark*, 482 F.2d 325 (5th Cir.1973) (local ordinance required information to be printed on the product's "container, wrapping, or other packaging"). Cases dealing with preemption of state "labeling" requirements under other, analogous federal Acts were addressed in the related case of *D–Con v. Allenby*.

The only new case cited by plaintiff is *Professional Lawn Care Association v. Village of Milford*, 909 F.2d 929 (1990, 6th Cir.). *Lawn Care* concerns a challenge to a local ordinance (not a state statute) regulating pesticide use. The Court held that § 24(a) of FIFRA, which expressly allows *state* regulation of pesticide sale and use, extended only to states, not localities. The ordinance was deemed preempted for that reason.

Plaintiff argues that Prop 65 may require warnings in instances where federal law does not so require. That is not disputed. In *Avocado Growers*, 373 U.S. at 132, 83 S.Ct. at 1210–13, the Supreme Court considered divergent state and federal requirements and found "no impossibility of dual compliance." Because there existed "no inevitable collision between the two schemes of regulation, despite the dissimilarity of the standards," the Court declined to find the California law at issue there invalid under the Supremacy Clause.[5] *Id.* 373 U.S. at 143, 83 S.Ct. at 1218. Accordingly, the fact that California may impose stricter standards than does the FHSA does not invalidate the California regulatory scheme.[6]

Finally, plaintiff submits declarations from various individuals, one former EPA Administrator and a number of industry "health and safety" experts, discussing the conflicts between the federal and state laws and the danger presented by "overlabeling." The declarants express concern that additional warnings, such as those required by Prop 65, will reduce consumer confidence in EPA approved labels, thus undermining the FIFRA and FHSA scheme. None of these declarants have any expertise in the area of human psychology. Even if they were absolutely correct, however, Congress clearly did not intend to

**3.** The Ninth Circuit notes two practical reasons for this presumption. First, Congress has the power to make preemption clear in the first instance. Second, if a court erroneously finds preemption, a state can do nothing; whereas if the court errs in the other direction, Congress presumably can correct the problem. *Chevron v. Hammond*, 726 F.2d 483, 488 (9th Cir.1984).

**4.** The original FHSA "limited preemption amendment", adopted in 1966, declared Congress' intent to "supersede any and all laws of the States ... insofar as they may ... provide for cautionary labeling of any substance or article intended for household use ... which differs from the requirements or exemptions of this Act." In 1976, Congress amended the provision and limited preemption to instances where there is a federal labeling requirement in effect and a State imposes a different labeling requirement that seeks to warn about the same hazards. (The amended clause is quoted, *supra* at footnote 1.)

**5.** California law set the standard for maturity of avocadoes at more than 8% oil by weight, whereas avocadoes were deemed mature under federal law at over 7% oil by weight.

**6.** In fact, defendant notes that nothing in the FHSA prevents manufacturers from voluntarily affixing warning labels on products for which labels are not required under federal law.

938

occupy this entire area of regulation, as evidenced by the fact that states are expressly allowed certain functions under both FIFRA and FHSA. No evidence shows the impossibility of complying with both the federal and state statutes; therefore, Prop 65 is not preempted.

Plaintiff's motion for partial summary judgment is DENIED; defendant's motion is GRANTED.

SO ORDERED.