759 F.Supp. 556 (1990)
Irene HURT, et al., Plaintiffs,
v.
The DOW CHEMICAL COMPANY, et al., Defendants.
No. 90-0783-C(3).
United States District Court, E.D. Missouri, E.D.
September 28, 1990.
*557 Mary Coffey, St. Louis, Mo., for plaintiffs.
Frank N. Gundlach, Mary C. Kickham, Armstrong Teasdale Schlafly Davis & Dicus, St. Louis, Mo., for Dow Chemical Co.
Margaret E. Gangle, Geissal & Gangle, John D. Warner, Jr., Kortenhof & Ely, St. Louis, Mo., for Rose Exterminators.

ORDER
HUNGATE, District Judge.
This matter is before the Court on defendant Dow Chemical Company's ("Dow Chemical") motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiffs oppose the motion.
Pursuant to this Court's diversity jurisdiction, plaintiff Irene Hurt seeks damages for personal injuries she allegedly sustained after being exposed to defendant Dow Chemical's product, Dursban. Plaintiff Mark Hurt, Irene Hurt's husband, seeks damages for loss of consortium. Plaintiffs allege defendant Dow Chemical manufactured and sold Dursban, a chemical "unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics." Defendant Rose Exterminator Company ("Rose") allegedly sold and applied that chemical. Plaintiffs allege both defendants are liable for failure to warn about the dangers of Dursban.[1] Plaintiffs further allege Rose is also liable for negligent application.
Pursuant to Fed.R.Civ.P. 12(b)(6), defendant Dow Chemical moves to dismiss the present complaint on the grounds that plaintiffs' state law claims are preempted by the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136 et *558 seq., which regulates Dursban. Movant urges that the statute's labeling requirements "occupy the field" so as to preclude state law failure to warn claims, such as plaintiffs' claims, citing Fisher v. Chevron Chemical Co., 716 F.Supp. 1283, 1287-88 (W.D.Mo.1989).
Plaintiffs do not address the Fisher case directly. Instead, plaintiffs counter that cases from other courts outside Missouri and the Eighth Circuit find that FIFRA does not preempt failure to warn claims based on state law. Alternatively, plaintiffs urge that their claims should not be deemed preempted because the claims do not expressly attack the packaging or labeling of Dursban.
A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only when it appears plaintiff cannot prove any set of facts in support of its claims which would entitle plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1425-26 (8th Cir.1986) (same). Additionally, in considering a motion to dismiss, the Court must take the allegations of the complaint as true. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964) (per curiam).
Upon consideration of the plaintiffs' claims in this light, the Court will grant Dow Chemical's motion to dismiss in part so as to dismiss plaintiffs' failure to warn claims. The Court will otherwise deny Dow Chemical's motion to dismiss.
The parties do not dispute that Dursban is subject to the FIFRA. In general, the FIFRA sets forth guidelines for the registration and labeling of pesticides. In relevant part, the FIFRA specifically provides that:
A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter. Such State shall not impose or continue in effect any requirements for labelling or packaging in addition to or different from those required under this subchapter.
7 U.S.C. §§ 136v(a) and 136v(b). Labeling is defined in 7 U.S.C. § 136(p)(2) as:
[A]ll labels and all other written, printed, or graphic matter 
(A) accompanying the pesticide or device at any time; or
(B) to which reference is made in the label or in literature accompanying the pesticide or device[.]
The issue now under consideration is whether the FIFRA precludes plaintiffs from pursuing their claims due to preemption.
The Supremacy Clause of the Constitution, U.S. Const. Art. VI, allows Congress to legislate in preemption of state law. Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1, 210-11, 6 L.Ed. 23 (1824). The Supreme Court summarized the principles of preemption in Louisiana Pub. Serv. Comm'n v. Federal Communications Comm'n, 476 U.S. 355, 368-69, 106 S.Ct. 1890, 1898, 90 L.Ed.2d 369 (1986) (citations omitted):
Pre-emption occurs when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law, when there is outright or actual conflict between federal and state law, where compliance with both federal and state law is in effect physically impossible, where there is implicit in federal law a barrier to state regulation, where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the States to supplement federal law, or where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress.
In Fisher the United States District Court for the Western District of Missouri found the FIFRA expressly preempted any state labeling or packaging requirements different from or in addition to those mandated by FIFRA, but did not expressly "preempt state common law tort claims arising from allegedly inadequate labels and warnings." Fisher, 716 F.Supp. at 1286. Therefore, state failure to warn *559 claims would only be preempted if there was implied preemption by FIFRA. Fisher, 716 F.Supp. at 1289; see Free v. Bland, 369 U.S. 663, 669, 82 S.Ct. 1089, 1093-94, 8 L.Ed.2d 180 (1962).
In finding implied preemption, the Court in Fisher did not find that FIFRA "occupied the field" relating to pesticides and to injuries sustained from their use. Fisher, 716 F.Supp. at 1287. To the contrary, the Fisher court noted Congress could not have intended to preempt state law claims arising from the sale and use of pesticides because 7 U.S.C. § 136v(a) authorizes states to regulate the sale and use of pesticides in terms more stringent than federal law. Id.
The Fisher court did, however, find that Missouri's common law failure to warn claims conflict with the purposes of FIFRA so as to support a finding of implied preemption. Id. at 1287-89. The Court noted that Congress' purpose in enacting FIFRA was to protect consumers "by keeping unhealthy or unsafe pesticides off the market and by preventing deceptive labeling." Id. at 1287; see also National Agricultural Chems. Ass'n v. Rominger, 500 F.Supp. 465, 470 (E.D.Cal.1980). The Fisher court concluded that "[a]llowing common law claims for failure to warn would conflict with Congress' express provision in 7 U.S.C. § 136v(b) that the states `shall not impose ... any requirements for labeling. ...'" Fisher, 716 F.Supp. at 1289; Fitzgerald v. Mallinckrodt, Inc., 681 F.Supp. 404, 407 (E.D.Mich.1987). In coming to its conclusion that FIFRA impliedly preempted state failure to warn claims, the Fisher court discussed and rejected two of the cases on which plaintiffs rely: Ferebee v. Chevron Chemical Co., 736 F.2d 1529 (D.C.Cir.), cert. denied, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984), and Roberts v. Dow Chemical Co., 702 F.Supp. 195 (N.D.Ill.1988). Fisher, 716 F.Supp. at 1288-89.
This Court finds the reasoning of Fisher persuasive and adopts it for purposes of this order.
Plaintiffs attempt to circumvent this conclusion by arguing that their claims are not "limited to an attack on defendant's label" but are for inadequate warning unrelated to the labeling or packaging. However, Fisher's holding extends to all tort claims based on failure to warn, not just those limited to the actual label on a pesticide. This holding is supported by the broad definition of "labeling" in FIFRA. See 7 U.S.C. § 136(p)(2).
Plaintiffs' argument that their state tort claims are not preempted by FIFRA adopts the reasoning of Ferebee. The court in Ferebee applied the "choice of reaction" theory. Ferebee, 736 F.2d at 1540-43. This theory states that a state law tort claim for failure to warn has no direct regulatory command on the pesticide manufacturer since the manufacturer can continue to use the EPA approved label, while simultaneously paying tort damages. Since the state's purpose, that of controlling pesticide use for compensatory purposes, is distinct from Congress' purpose and does not interfere with application of the FIFRA, the state law tort claims are not preempted. Id. at 1541. See also Roberts, 702 F.Supp. at 197-99 (adopting the reasoning in Ferebee).
The choice of reaction theory is not persuasive. The court in Palmer v. Liggett Group, Inc., 825 F.2d 620 (1st Cir.1987), likened the choice of reaction theory "to the free choice of coming up for air after being underwater." Id. at 627, quoted in Fisher, 716 F.Supp. at 1288. FIFRA, § 136v(b), expressly provides that no "State shall ... impose ... any requirements for labeling ... in addition to or different from those required under this subchapter." 7 U.S.C. § 136v(b). This purpose is contravened by a state law tort claim under the choice of reaction theory.
If a manufacturer's warning that complies with the Act is found inadequate under a state tort theory, the damages awarded and verdict rendered against it can be viewed as state regulation: the decision effectively compels the manufacturer to alter its warning to conform to different state law requirements as "promulgated" by a jury's findings. *560 Palmer, 825 F.2d at 627. See also International Paper Co. v. Ouellette, 479 U.S. 481, 495, 107 S.Ct. 805, 813, 93 L.Ed.2d 883 (1987) (holding that the Clean Water Act preempted common law nuisance actions, otherwise the nuisance action would allow the affected state to do "indirectly what they could not do directly  regulate the conduct of out-of-state sources"); Fitzgerald, 681 F.Supp. at 407 (FIFRA preempts common law failure to warn actions or such actions "would effectively authorize the state to do through the back door exactly what it cannot through the front").
Plaintiffs' remaining claims are not preempted by FIFRA. State law is only preempted to the extent that it conflicts with federal law. Free, 369 U.S. at 666, 82 S.Ct. at 1092. Since section 136v(a) of FIFRA specifically allows the States to regulate the "sale or use of any federally registered pesticide" there is no conflict between state and federal law as to whether or not defendants are liable to plaintiff based upon state common law for the sale or application of Dursban. Fisher, 716 F.Supp. at 1289. See also D-Con Co. v. Allenby, 728 F.Supp. 605 (N.D.Cal.1989) (California Proposition 65, which places restrictions on the sale and use of toxic materials, is not preempted by FIFRA.)
Accordingly, after careful consideration,
IT IS HEREBY ORDERED that defendant Dow Chemical's motion to dismiss for failure to state a claim is granted in part so that plaintiffs' failure to warn claims, including any related loss of consortium claims, are dismissed with prejudice at plaintiffs' costs.
IT IS HEREBY FURTHER ORDERED that defendant Dow Chemical's motion to dismiss for failure to state a claim is denied in all other respects.
NOTES
[1] Specifically, plaintiffs allege defendants failed to furnish information

Adequately describing the nature and extent of the risk of nerve damages in humans from exposure to Dursban; [and]
Adequately identifying the signs and symptoms of organophosphate poisoning, and advising persons exhibiting those signs and symptoms to avoid further exposure.