**COPARR, LTD., a Colorado Non–Profit Corporation, and Victor A. Caranci, Plaintiffs–Appellants,**

v.

**The CITY OF BOULDER, Defendant–Appellee,**

and

**National Pest Control Association and National Institute of Municipal Law Officers, Colorado Municipal League, Conservation Law Foundation of New England, Inc., Sierra Club, the Boulder County Audubon Society, Plan–Boulder County, and Front Range Organic Gardeners, Amici Curiae.**

**No. 89–1341.**

United States Court of Appeals, Tenth Circuit.

Aug. 15, 1991.

Joseph D. Lonardo (Robert N. Webner and Ann E. Bennington of Vorys, Sater, Seymour and Pease, Columbus, Ohio, and Eugene F. Megyesy, Jr. and David E. Bellack of Saunders, Snyder, Ross & Dickson, P.C., Denver, Colo., with him on the briefs), for plaintiffs-appellants.

Sue Ellen Harrison (Joseph N. de Raismes, III and Rosemary Lynne Gearhart, with her on the briefs), Boulder, Colo., for defendant-appellee.

Lawrence S. Ebner of McKenna, Conner & Cuneo, Washington, D.C., on the brief for amicus Nat. Pest Control Ass'n.

Marva Jones Brooks, Atlanta, Ga., William I. Thornton, Jr., Durham, N.C., Analeslie Muncy of Dallas, Texas, Robert J. Alfton, Minneapolis, Minn., and Frank B. Gummey, III, Daytona Beach, Fla., on the brief for amicus Nat. Institute of Municipal Law Officers.

Geoff Wilson, and James E. Hartley, Michael J. Kennedy and Britt D. Banks of Holland & Hart, Denver, Colo., on the brief for amicus Colorado Mun. League.

Janet McGowan, Boston, Mass., on the brief for amicus Conservation Law Foundation.

Mary A. Brauer, Denver, Colo., on the brief for amicus Sierra Club, Boulder County Audubon Soc., Plan–Boulder County, and Front Range Organic Gardeners.

Before HOLLOWAY, BARRETT and TACHA, Circuit Judges.

BARRETT, Senior Circuit Judge.

Colorado Pesticide Applicators for Responsible Regulation, a nonprofit trade association of commercial pesticide applicators, and Victor A. Caranci (collectively known as COPARR) appeal from a summary judgment order denying in part their request for declaratory and injunctive relief against the City of Boulder. *COPARR, Ltd. v. City of Boulder*, 735 F.Supp. 363 (D.Colo.1989). We affirm.

Boulder enacted two pesticide ordinances, Ordinance 5083 and Ordinance 5129, with respective effective dates of December 31, 1987, and August 5, 1988. On December 7, 1987, COPARR filed the instant suit, contending that these ordinances were invalid because the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. §§ 136 *et seq.*, preempted the regulation of pesticides by local governments. COPARR contended that in order to serve the interests of uniformity and expertise in regulation, Congress deliberately restricted regulatory authority over pesticide use to the federal government and the states. The district court found that 1) Ordinance 5083, providing for local enforcement of FIFRA and Colorado pesticide laws, was null and void in that it was preempted by FIFRA; and 2) Ordinance 5129, imposing certain notification requirements, was valid and enforceable. For detailed discussion, see *COPARR, supra*, 735 F.Supp. at 365–67. The issue on this appeal is whether the district court erred in finding that FIFRA does not preempt Ordinance 5129.[1]

On January 14, 1991, the Supreme Court granted certiorari in *Wisconsin Public Intervenor v. Mortier*, —— U.S. ——, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991), to answer the same question posed by the parties in the case at hand: whether FIFRA preempts local governmental pesticide regulation. This court determined to abate this appeal pending the Supreme Court's ruling in *Mortier*.

On June 21, 1991, the Supreme Court held that FIFRA does not preempt the regulation of pesticides by local governments. *Wisconsin Public Intervenor v. Mortier*, —— U.S. ——, 111 S.Ct. 2476, 115 L.Ed.2d

---

1. Boulder does not appeal the district court's finding that Ordinance 5083 was void.

532 (1991). The Court observed that FIFRA plainly authorizes the states to regulate pesticides and just as plainly is silent with reference to local governments. Properly read, however, the Court reasoned that the statutory language tilts in favor of local regulation. The Court thus held that "the more plausible reading of FIFRA's authorization to the States leaves the allocation of regulatory authority to the 'absolute discretion' of the States themselves, including the option of leaving local regulation of pesticides in the hands of local authorities." *Id.* —— U.S. at ——, 111 S.Ct. at 2483.

Following the *Mortier* decision, we requested supplemental briefing from the parties. The parties agree that, given *Mortier*'s holding, the district court should be affirmed. Indeed, COPARR has noted that on May 31, 1990, Colorado amended the Colorado Pesticide Act to define and limit the extent to which municipalities may impose notification requirements:

> No county, city and county, or municipality shall enact òr impose any notification requirements upon commercial applicators which are more stringent than those [which the state has imposed]; except that each county, city and county, and municipality shall retain the authority to impose any notification requirements upon private individuals, property owners, and the general public. Any such notification requirement imposed by any county, city and county, or municipality on private individuals, property owners, or the general public shall not be held to be applicable to any commercial applicator, nor shall any commercial applicator be exposed to any liability for a failure to comply with any such notification requirement.

Colo.Rev.Stat. § 35–10–112(3) (1984 Repl. Vol., 1990 Cum.Supp.). The parties agree, and we hold, that Boulder's Ordinance 5129 is in conformity with these provisions and thus is in conformity with *Mortier*.

AFFIRMED.