IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 7, 2001 Session

# THE TERMINIX INTERNATIONAL COMPANY, L.P., ET AL. V. THE TENNESSEE DEPARTMENT OF LABOR, ET AL.

Appeal from the Chancery Court for Davidson County
No. 99-368-I  Irvin H. Kilcrease, Jr., Chancellor

———————————————

No. M2001-00174-COA-R3-CV - Filed November 28, 2001

———————————————

This matter is before the Court upon a petition seeking judicial review of our administrative order. The Petition was initiated in the Chancery Court of Davidson County, Tennessee, wherein the appellants challenged the jurisdiction of the Tennessee Department of Labor, Division of Occupational Safety and Health ("TOSHA") to conduct safety inspections concerning pesticide applicators (i.e., persons who apply pesticides) and to enforce such regulations. The Chancery Court ruled that the Tennessee Occupational Safety and Health Review Commission (TOSHA) has subject matter jurisdiction to conduct inspections and issue citations concerning the safety of pesticide applicators in the work place. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., SP. J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Alan G. Crone and James Julius Webb, Jr., Memphis, Tennessee; and Lawrence S. Ebner, Washington, D.C., for the appellants, Terminix a/k/a The Terminix International Company and TruGreen, Inc., L.P.

Paul G. Summers, Attorney General and Reporter; and E. Blaine Sprouse, Assistant Attorney General, for the appellees, Tennessee Department of Labor and Tennessee Occupational Safety and Health Review Commission.

## OPINION

### Issues Presented on Appeal

The appellants/plaintiffs, Terminix International Company, L.P. and TruGreen, Inc., L.P., set forth three issues on appeal.

The first two issues can be paraphrased as follows: Whether the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") and the Federal Occupational Safety and Health Administration Act ("FOSH") preempt the Tennessee Department of Labor, Division of Occupational Safety and Health ("TOSHA"), from imposing personal protective equipment requirements upon professional pesticide applicators engaged in mixing, loading or applying federally regulated pesticides?[1]

The third issue can be paraphrased as follows: Whether the Chancery Court and the Tennessee Occupational Safety and Health Review Commission (the "Commission") correctly determined that TOSHA has jurisdiction and the authority to *inspect* and to *issue citations* for alleged violations of personal protective equipment (PPE) requirements applicable to professional pesticide applicators engaged in mixing, loading or applying pesticides?[2]

This panel finds it unnecessary to determine whether the appellants are or are not correct as it pertains to the first two issues for such are not at issue presently. They may or may not have been at issue before the Commission but they were not at issue when the Chancery Court ruled and are not at issue before this court.[3]

We have concluded that the only issue properly before this court is whether TOSHA has jurisdiction and/or authority to inspect the work place and, if appropriate, to issue citations for alleged violations of requirements applicable to professional pesticide applicators engaged in mixing, loading or applying pesticides in the workplace. This Court finds that the third issue sufficiently encompasses the real issues.

## Background of the Case

Appellants, Terminix International Company, L.P. ("Terminix") and its corporate sibling,

---

[1]The first and second issues stated by the appellants specifically read as follows:

1. Whether the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136-136y (1994 & Supp. V 1999), preempts the Tennessee Department of Labor, Division of Occupational Safety and Health ("TOSHA"), from imposing personal protective equipment ("PPE") requirements upon professional pesticide applicators engaged in mixing, loading or applying federally regulated pesticides?

2. Whether § 4(b)(1) of the federal Occupational Safety and Health Act ("OSH Act"), 29 U.S.C. § 653(b)(1) (1994), preempts TOSHA from imposing PPE requirements upon professional pesticide applicators engaged in mixing, loading or applying federally regulated pesticides?

[2]Appellants phrased the third issue as follows: Whether the Chancery Court erred in affirming the decision of the Tennessee Occupational Safety and Health Review Commission that TOSHA had jurisdiction or authority to issue citations against Petitioners-Appellants Terminix International Company, L.P. and TruGreen, Inc., L.P., for alleged violations of TOSHA PPE requirements supposedly applicable to professional pesticide applicators engaged in mixing, loading or applying pesticides?

[3]Review of each citation reveals that Terminix and TruGreen were merely cited for its employees' failure to abide by existing Federal law. There is no reference to additional requirements, labeling or PPE, that was imposed by the state that was not likewise imposed by federal law.

TruGreen, Inc., L.P. ("TruGreen"), are both headquartered and have operations in Memphis, Tennessee. The pertinent nature of Terminix's business is residential and commercial pest control. The pertinent nature of TruGreen's business is lawn and landscape care. Both companies employ professional pesticide applicators.[4]

On June 25, 1997, a TOSHA representative inspected a TruGreen work site in Memphis, Tennessee. Following the inspection, TOSHA issued citations[5] against TruGreen alleging various violations of the Tennessee Occupational Safety and Health Act of 1972 ("Tennessee OSH Act"), T.C.A. §§ 50-3-101, *et seq.*, including alleged violations of certain of TOSHA's general personal protection equipment ("PPE") requirements.[6]

On July 16, 1997, a TOSHA representative inspected a Terminix work site in Memphis, Tennessee. As a result of the inspection, TOSHA issued a citation against Terminix alleging various violations of the Tennessee OSH Act, including alleged violations of certain of TOSHA's general PPE requirements.

Both companies contested the citations issued against them. Consequently, TOSHA filed a Complaint against Terminix and TruGreen before the Commission. Terminix and TruGreen thereafter challenged TOSHA's jurisdiction to impose or enforce PPE requirements in connection with the pesticide applicators' handling (i.e., mixing, loading or application) of pesticides, asserting that the EPA has exclusive authority pursuant to FIFRA to establish, through pesticide product labeling, PPE requirements for pesticide applicators. In support of their position, Terminix and TruGreen relied upon the Affidavit of the Administrator of Ag Inputs and Pesticides for the Tennessee Department of Agriculture. In his affidavit, the Administrator stated that the Tennessee Department of Agriculture enforces EPA's PPE "labeling requirements" for pesticide applicators.

After reviewing the parties' position papers concerning the jurisdictional issue, the Commission ruled that TOSHA was not preempted from inspecting or issuing citations against Terminix and TruGreen. The Commission found that "[t]here is no other state agency that is currently enforcing safety and health standards in the state of Tennessee; therefore, it does fall back to TOSHA."

Terminix and TruGreen sought judicial review of the Commission's decision concerning jurisdiction and requested a stay of proceedings in the Commission pending the Court's ruling on

---

[4]The term "applicator" refers to a person, an employee, as distinguished from a device.

[5]The "citations" issued set forth numerous violations. Each violation stated within a "citation" is identified as an "item." Example, Citation No. 1, Item 3(b).

[6]Each "citation" cited TruGreen for numerous violations.

the jurisdictional issue.[7] The trial court denied the motion for a stay of the Commission's proceedings, but retained jurisdiction over the consolidated cases in the event the request for judicial review was renewed after the Commission entered its final orders.[8]

The Commission hearings took place on July 21-22, 1999. The Commission issued its respective orders on October 22, 1999. The Commission vacated several of the violations assessed by TOSHA, but held that Terminix and TruGreen had committed certain violations. On December 17, 1999, Terminix and TruGreen filed an amended petition for judicial review of both the preliminary order and the October 22, 1999 final orders of the Commission.[9] Following various proceedings, on June 13, 2000, the Chancery Court issued its Memorandum Opinion. The Chancellor made the following pertinent determinations:

> The sole issue before the court is whether TOSHA is preempted by the Tennessee Department of Agriculture from regulating the workplace of Terminix and Trugreen. Petitioners contend that the Tennessee Insecticide, Fungicide and Rodenticide Act; the Tennessee Application of Pesticides Act of 1978; and associated rules and regulations bestow subject matter jurisdiction in this area on the Tennessee Department of Agriculture.

> \* \* \* \* \*

> Section 4(b) of the Occupational Safety and Health Act, 29 U.S.C. § 658(b)(1)(1976) provides that "nothing in this chapter shall apply to working conditions of employees with respect to which other federal agencies . . . exercise authority to prescribe or enforce standards or regulations affecting occupational safety and health."

---

[7]The pleading filed by appellants was entitled "Petition for Writ of Certiorari and Statutory Appeal." However, the pleading states it was filed pursuant to Tenn. Code Ann. §§ 4-5-322(a)(1) and (b)(1), the statute governing judicial review of orders of administrative agencies, after a contested case proceeding, under the Tennessee Administrative Procedures Act. The APA provides the proper method for judicial review in this case, not the common law or statutory writ of certiorari procedures. The proceeding before the Commission was a contested case hearing, Tenn. Code Ann. § 4-5-102(3), governed by the APA. Further, the Commission, in both its Notice of Hearing and its final order explained the method by which an aggrieved party could seek judicial review, citing Tenn. Code Ann. § 4-5-322. The Commission filed a certified copy of its administrative record, as required by the APA. Nonetheless, at some point counsel for the State respondents began referring to the case as one brought as a petition for common law writ of certiorari, perhaps because of the title given the initial pleadings. We will treat this appeal as arising from a Tenn. Code Ann. § 4-5-322 proceeding in the trial court. We note that Tenn. Code Ann. § 4-5-322(a)(1) authorizes the review of "a preliminary, procedural or intermediate agency action or ruling" in certain circumstances. Appellants' initial petition sought review of such an order and cited that statutory provision.

[8]The trial court's order reflects that appellants' petition was brought pursuant to Tenn. Code Ann. § 4-5-322(a).

[9]Again, the amended petition, although incorrectly titled, sought review under the Administrative procedures Act, Tenn. Code Ann. §4-5-322.

-4-

\* \* \* \* \*

        In the instant case, a close reading of the rules promulgated by the Tennessee Department of Agriculture indicate they apply specifically to the *labeling* of pesticides and licensing of applicators. There is no mention of employee workplace safety. Nor are there any rules that specifically cover the area of occupational safety and health standards. (emphasis added)

        Therefore, . . . this court is of the opinion that the Tennessee Occupational Safety and Health Review Commission's decision to exercise subject matter jurisdiction over the workplace of Terminix and Trugreen should be affirmed.

See Memorandum Opinion of the Chancery Court, entered June 13, 2000.[10]

### Standard of Review

Upon appeal of a decision taken by an administrative agency following a contested case proceeding, the standard of review in this court is the same as it is in the chancery court. *Ware v. Green*, 984 S.W.2d 610, 614 (Tenn. Ct. App. 1998). Thus, we apply the standard set out in Tenn. Code Ann. § 4-5-322(h). Appellants' claims in this appeal amount to a claim that the Commission's decision was made "in violation of constitutional or statutory provisions." Tenn. Code Ann. § 4-5-322(h)(1).

---

[10]In its order, the trial court explained its scope of review using the common law writ of certiorari standard. Under that standard, review is limited to whether the inferior tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. *Citizens for Collierville v. Town of Collierville*, 977 S.W.2d 321 (Tenn. Ct. App. 1998). The standard for judicial review under the Administrative Procedures Act is set out in Tenn. Code Ann. § 4-5-322(h):

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> 1. In violation of constitutional or statutory provisions;
> 2. In excess of the statutory authority of the agency;
> 3. Made upon unlawful procedure;
> 4. Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> 5. Unsupported by evidence which is both substantial and material in the light of the entire record.
>
> In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

The determinative issue in this case was a question of law regarding the jurisdiction of TOSHA, determined by review and interpretation of statutes. On such issues, there is no real difference in the standards of review.

The Citations

Initially, Terminix and TruGreen were cited for numerous violations; however, a number of violations were dismissed by the Commission. Some of the now dismissed violations may or may not have infringed upon the preemptive authority of the EPA. Whether they did or did not is moot for purposes of this appeal for the Commission dismissed the other citations prior to the Chancery Court ruling. Examples of the citations presently at issue are as follows:

In Citation 1, Item 3a., Terminix was cited for violating 29 CFR 1910.134(b)(3). The citation reads, "The users of respirators were not instructed and trained in the proper use of respirators and their limitations." An example given stated: "Employee interviews revealed that pesticide and termite technicians did not know the company policies on when to wear respiratory protection, such as when applying pesticides in confined spaces or crawl spaces."

In Citation 1, Item 3b., Terminix was cited for violating 29 CFR 1910.134(b)(5). The citation reads, "Respirators were not cleaned and disinfected." An example given stated: "3M half-mask cartridge respirators . . . not kept reasonably clean; the inside of both respirators were dirty."

In Citation 1, Item 3c., Terminix was cited for violating 29 CFR 1910.134(b)(6). The citation reads, "Respirators were not stored in a convenient, clean and sanitary location." The example stated: "3M half-mask cartridge respirators were stored unprotected behind the service truck seats of one Pesticide Technician and one Termite Technician."

In Citation 2, Item 1, TruGreen was cited for violating 29 CFR 1910.132(d)(2). The citation reads, "There was no written certification available to verify that a workplace hazard assessment had been conducted to determine if hazards are present which necessitate the use of personal protective equipment." The example stated: "The personal protective equipment policy did not include the person who certified the hazard assessment evaluation or the date of the assessment. Personal protective equipment used by Pesticide Specialists during application or tank filling included face shields, aprons, gloves, and boots."

Pertinent Federal and State Authority

Appellants correctly assert that the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136-136y (1994 & Supp. V 1999), and the United States Environmental Protection Agency ("EPA") comprehensively regulate pesticides by requiring pesticide registrants (i.e. pesticide manufacturers) to include EPA-specified PPE requirements and other precautionary information on EPA-approved labeling.

Appellants also correctly assert that federal law, specifically Sec. 136v(b) of FIFRA, 7 U.S.C. § 136v(b), expressly prohibits states from imposing any requirements for pesticide labeling in addition to or different from those required under FIFRA by EPA. Indeed, Congress has exclusively empowered the Environmental Protection Agency ("EPA") to regulate the labeling of many of the

products Appellants use in their business. See 7 U.S.C. §§ 136-136y (FIFRA). By enacting FIFRA, Congress created a comprehensive licensing and labeling scheme for pesticides and other poisonous devices designed to kill harmful organisms. *Worm v. American Cyanamid Co.*, 970 F.2d 1301, 1305 (7th Cir. 1992).

FIFRA preempts state-imposed PPE requirements if such requirements *directly conflict* with Congress' intent that pesticides be applied in accordance with the requirements set forth on each pesticide's own nationally uniform, EPA-approved product labeling, including the PPE requirements on such labeling.

The State of Tennessee enacted the Tennessee Occupational Safety and Health Act of 1972, Tenn. Code Ann. §§ 50-3-101 *et seq.* The stated purpose of this Act is: "to assure as far as possible every working man and woman in the state of Tennessee safe and healthful working conditions and to preserve our human resources." Tenn. Code Ann. § 50-3-102(b). This was in compliance with FOSHA, 9 U.S.C. § 667, Sec. 18, which requires each state to adopt regulations *at least as effective and protective of workplace safety as federal regulations.* (emphasis added). Providing an effective enforcement program is one of the ways the legislature intended to achieve this goal. *See* Tenn. Code Ann. § 50-3-102(b)(7).
Tenn. Code Ann. § 50-3-201 grants authority to the Department of Labor and Workforce Development ("Department of Labor") to promulgate regulations. The Department of Labor is authorized to develop occupational safety and health standards. Tenn. Code Ann. § 50-3-102. The Department of Labor has adopted occupational safety and health standards, including the federal standards in the Code of Federal Regulations and other state standards, that covered employers must meet. See Tenn. Code Ann. § 50-3-105(6). These labor standards are intended to provide *the highest degree of health and safety protection* possible. (emphasis added). Tenn. Code Ann. § 50-3-202.

Specifically, Tennessee has adopted Section 5(a)(2) of FOSHA which requires compliance with standards adopted by the U.S. Department of Labor, compiled in 29 C.F.R., 1900 series, including subparts of 1910 (which are at issue in this appeal). These standards were adopted into Tennessee's regulations pursuant to the Commissioner's statutory rule-making authority. See Tenn. Admin. Reg. 0800-1-1-.06.

Citations (violations) for overexposure to specific airborne toxins, or combinations that are harmful, are imposed pursuant to formulas set forth in 29 C.F.R. 1910.1000(d)(2) and it is the 1910 series that is principally at issue herein.

Tennessee employers are required, under Tenn. Code Ann. § 50-3-105(1), to furnish employees working conditions free from recognized hazards likely to cause serious injury or harm by complying with occupational safety and health standards or regulations of the Department of Labor.

TOSHA, and its compliance officers/inspectors, have authority to enter workplaces to inspect

and investigate working conditions. Tenn. Code Ann. § 50-3-301. Moreover, if an inspection reveals violations of standards, the TOSHA compliance officer may issue a citation. Tenn. Code Ann. § 50-3-307.

Federal Preemption Analysis

Whenever a court must determine whether federal law preempts state law, the court must "start with the assumption that the historic police powers of the States were not to be superceded by the Federal Act unless that is the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947) (citations omitted). When Congress provides a preemption clause, this presumption against preemption mandates that courts are to read such a clause narrowly. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). In this case, Congress has provided a preemption clause. See 7 U.S.C. § 136v(b).

Statutes must be construed to give effect to the intent and purpose of the legislation by considering the statutes as a whole and giving words their common and ordinary meaning. *Crowe v. Ferguson*, 814 S.W.2d 721, 723 (Tenn. 1991). A statute should be construed as a whole in light of its general purpose. *City of Lenoir City v. State ex rel. City of Loudon*, 571 S.W.2d 297, 299 (Tenn. 1978). In construing statutes, courts must presume the legislature was aware of its prior enactments and the state of the law at the time of the legislation. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). Statutes are interpreted to give harmonious effect to all enactments when reasonably possible. *Jenkins v. Loudon County*, 736 S.W.2d 603, 608 (Tenn. 1987).

The United States Code provides, "A state may regulate the sale or *use* of any federally registered pesticide or device in the state, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter." 7 U.S.C. 136v(a). (emphasis added). Review of Section 136v, and cases pertaining thereto, clearly establishes that states are permitted to inspect the sale or use of pesticides. *Wisconsin Public Intervenor v. Mortier*, 501 U.S. 597, 611, 111 S.Ct. 2476, 2485, 115 L.Ed.2d 532,547 (1991); *Kenepp v. American Edwards Laboratories, et al.*, 859 F. Supp.809 (E.D. Pa. 1994). "[N]ot all state imposed requirements are preempted by FIFRA, only those state requirements related to labeling." *Wright v. Dow Chemical U.S.A.*, 845 F.Supp. 503, 511 (M.D. Tenn. 1993). Courts have held that FIFRA does not preempt state regulations addressing the sale and use of pesticides. *See D-Con Co., Inc. v. Allenby*, 728 F.Supp. 605 (N.D. Calif. 1989) (FIFRA did not preempt California's Safe Drinking Water and Toxic Enforcement Act to extent that California Act merely imposed restrictions on pesticide sale or use, without requiring additions or deletions from pesticide labels); *Coparr, Ltd. v. City of Boulder*, 942 F.2d 724 (10th Cir. 1991) (FIFRA did not preempt city pesticide ordinance imposing notification requirements on commercial pesticide applicators); *Burke v. Dow Chemical U.S.A.*, 797 F.Supp. 1128 (E.D.N.Y. 1992) (language of FIFRA and statute's savings clause indicated congressional design to leave state with expansive powers to regulate pesticides); *Chemical Specialities Mfrs. Ass'n., Inc. v. Allenby*, 744 F.Supp. 934 (N.D. Calif. 1990), *aff'd*, 958 F. Supp. F.2d 941, *cert. denied*, 506 U.S. 825, 113 S.Ct. 80, 121 L.Ed.2d 44, (California's Proposition 65, dealing with state regulation of pesticide sale and use is

-9-

not preempted by FIFRA); *Burt v. Fumigation Service and Supply, Inc.* 926 F.Supp. 624, 628 (W.D. Mich. 1996) ("The legislative history [of FIFRA] reiterates Congressional intent to deprive states *only of authority related to packaging and labeling*") (emphasis supplied.)

Based upon the foregoing, it is apparent that Congress did not intend to occupy the entire field of pesticide regulation or enforcement; indeed, it presumes a regulatory role for the states. Therefore, since federal law expressly permits a state to regulate the *use* of any federally registered pesticide or device, state jurisdiction is not displaced nor is it preempted by FIFRA or the EPA.

### TOSHA vs. Tenn. Dept. of Agriculture

The appellants insist that the Tennessee Department of Agriculture is the only agency in Tennessee with the authority to enforce EPA regulations, though they fail to cite authority which directly supports their position. In an effort to make their case, appellants assert that the Tennessee Department of Agriculture is the alter ego of the EPA and that TOSHA is the alter ego of OSHA, suggesting a parallel universe of sorts. Using this agency "relationship" as an inference, appellants assert that since the federal model delegates regulatory responsibility of pesticides to the EPA, the state is obligated to do likewise.

The Chancellor found that the rules promulgated by the Tennessee Department of Agriculture apply specifically to the *labeling* of pesticides and the *licensing* of applicators; however, he further found that there is no mention in the Tennessee Department of Agriculture regulations that specifically encompass occupational safety and health standards for employees. We agree with the trial court's conclusion that the preemption provision of OSHA does not preclude TOSHA from enforcing regulations regarding the use of pesticides which relate to the health and safety of workers employed by companies engaged in that business. *See* 29 U.S.C. § 658(b)(1). The Department of Agriculture's statutory authority and regulations promulgated thereunder do not cover "specific working conditions" and do not address employee workplace safety.

The primary purpose of the TOSH Act is: "to assure as far as possible every working man and woman in the state of Tennessee safe and healthful working conditions and to preserve our human resources." Tenn. Code Ann. § 50-3-102(b). Providing an effective enforcement program is one of the ways the legislature intended to achieve this goal. Tenn. Code Ann. § 50-3-102(b)(7).

It is readily apparent from our legislative scheme that our legislature recognized that a state agency must be empowered to protect employees in the workplace. Review of the pertinent authorities lead us to the unmistakable conclusion that TOSHA has the jurisdiction, indeed obligation, to protect the health and safety of workers in the workplace from risk of injury in the workplace including, but not limited to, those pertaining to the use of pesticides. The fact the EPA and OSHA have chosen to delegate the respective responsibilities differently does not preclude nor preempt this or any state from delegating the responsibility and jurisdiction differently.

Review of the foregoing facts and authorities makes it apparent that the appellants' argument that TOSHA's jurisdiction is preempted must fail. This is apparent for several reasons including: (i) Congress did not intend to occupy the entire field of pesticide regulation, particularly the use of such in the workplace; (ii) Congress intended for the states to participate in the regulation and enforcement of laws pertaining to the use of pesticides; (iii) the fact that OSHA defers to the EPA for regulation and enforcement of pesticides on the federal level does not preclude TOSHA and the Tennessee Department of Agriculture from delegating responsibilities in a different manner; and (iv) TOSHA did not cite appellants for new or additional state requirements for labeling or packaging of pesticides,[11] to the contrary, TOSHA cited appellants for *workplace safety violations* involving appellants' failure to assure that their employees properly maintained, and/or were *properly trained*, and/or used the correct personal protective equipment in conjunction with the use of pesticides, as well as their failure to have a certified hazard assessment program for the workplace.

Accordingly, we find the Tennessee Occupational Safety and Health Review Commission (TOSHA) has jurisdiction to conduct inspections and to issue citations for violations which concern the safety of pesticide applicators in the work place.

Therefore, the judgment of the Chancery Court is affirmed.

Costs on appeal are taxed to the appellants.

_____
FRANK G. CLEMENT, JR.
SPECIAL JUDGE

---

[11]Appellants Terminix and TruGreen were cited for failure to comply with federal regulations set forth in 29 CFR 1910 et. seq., specifically failing to assure their employees' safety and health, i.e., to be certain that the proper respirators were used, that the federally mandated respirators were clean and properly stored (not thrown behind a pick-up truck seat), that the employees were *properly trained* in the use of, and were *required to use* the federally mandated respirators, and other federally required Personal Protective Equipment ("PPE"), (*See* TOSHA Citation No. 1, Items 3a, 3b and 3c) and for their failure to require a workplace hazard assessment (Citation No. 2, Item 1a.)