IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
FEBRUARY 20, 2008 Session

## MADISON COUNTY, TENNESSEE v. TENNESSEE STATE BOARD OF EQUALIZATION, ET AL.

Direct Appeal from the Chancery Court for Madison County
No. 63630     James F. Butler, Chancellor

No. W2007-01121-COA-R3-CV - Filed May 27, 2008

Several taxpayers appealed Madison County's valuation of the taxpayers' limited partnership property to the Tennessee State Board of Equalization. The administrative law judge scheduled a pre-hearing conference, with notice being sent to the taxpayers and Madison County. Some confusion arose, and no representative for Madison County attended the conference. The administrative law judge entered a default judgment against Madison County, and Madison County timely filed a petition to reconsider with the administrative law judge. The administrative law judge took no action on the petition, and after twenty days, the petition was deemed denied by operation of law. Madison County then failed to appeal the administrative law judge's denial of the petition to reconsider within thirty days to the Assessment Appeals Commission. The Assessment Appeals Commission thereafter issued the Official Certificates of Assessment. Madison County filed a motion to reconsider the Official Certificates with both the administrative law judge and the Board of Equalization, seeking relief under Rule 60.02 of the Tennessee Rules of Civil Procedure. The administrative law judge denied the motion, but the Board of Equalization granted relief and remanded the matter to the administrative law judge. The taxpayer defendants then filed a petition with the Board of Equalization, challenging the Board's order setting aside the default judgment. The taxpayers filed a petition for review in chancery court in Madison County. Thereafter, the Board held a hearing, reversed its prior order, and reinstated the default judgment against Madison County. Madison County filed a petition for review in chancery court in Madison County pursuant to Tenn. Code Ann. § 4-5-322, seeking review of the Board's reinstatement of the default judgment. The chancery court granted the taxpayers' motion for summary judgment. Madison County appeals, and we affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the court, in which HOLLY M. KIRBY, J., joined, and W. FRANK CRAWFORD, J., did not participate.

C. Jerome Teel, Jr., Jackson, TN for Appellant

Lewis Cobb, Jackson, TN (Court of Appeals oral argument only), for Appellant

David C. Scruggs, Memphis, TN, for Appellee, Jackson Bond, et al

## OPINION

### I. FACTS & PROCEDURAL HISTORY

The case before us has an unusual procedural posture that must be examined in detail. Several taxpayers ("taxpayer defendants") appealed the property tax valuations assessed by Madison County, Tennessee. The taxpayer defendants took issue with the 1999, 2000, 2001, and 2003 valuations of property owned by their limited partnerships.[1] The local board of equalization upheld the valuations, and the taxpayer defendants appealed to the Tennessee State Board of Equalization ("the Board"). The parties agreed to hold the appeal in abeyance pending the outcome of the *Spring Hill* litigation, which involved a similar question of valuation. The Middle Section of this Court issued the opinion of *Spring Hill, L.P. v. Tennessee State Bd. of Equalization*, No. M2001-02683-COA-R3-CV, 2003 WL 23099679 (Tenn. Ct. App. Dec. 31, 2003), and thereafter, the Administrative Law Judge ("ALJ") scheduled a pre-hearing conference[2] for November 29, 2004.

At the pre-hearing conference held on November 29, the ALJ entered default judgment against Madison County and in favor of the taxpayer defendants.[3] The order, entered December 8,

---

[1] The limited partnerships involved in this dispute are Jackson Bond, L.P.; Madison Partners, L.P.; and Jackson Parkway Partners, L.P.

[2] The Uniform Administrative Procedures Act provides as follows concerning pre-hearing conferences:
> In any action set for hearing, the administrative judge or hearing officer assigned to hear the case[ ] . . . may direct the parties or the attorneys for the parties, or both, to appear before the administrative judge or hearing officer for a conference to consider:
> (A) The simplification of issues;
> (B) The necessity or desirability of amendments to the pleadings;
> (C) The possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
> (D) The limitation of the number of expert witnesses; and
> (E) Such other matters as may aid in the disposition of the action.

Tenn. Code Ann. § 4-5-306(a)(1) (2005).

[3] The Uniform Administrative Procedures Act provides as follows:
> If a party *fails to attend or participate in a pre-hearing conference*, hearing or other stage of a contested case, the administrative judge or hearing officer [ ] . . . *may hold the party in default* and either adjourn the proceedings or conduct them without the participation of that party, having due regard for the interest of justice and the orderly and prompt conduct of the proceedings.

(continued...)

-2-

2004, indicated that "[a] copy of the notice [of the hearing] was sent to the Madison County Assessor on October 20, 2004. Pursuant to this notice, a prehearing conference was conducted. [ ] The Madison County Assessor failed to attend or participate in the prehearing conference either personally or by authorized representative." Finding Madison County in default, the ALJ then decided the appeal on the record, which included the defendant taxpayers' sworn forms setting forth the value of the property in question: "[b]ased on the record, the fair market value of the property should be set as contended by the taxpayer."

On December 20, 2004, Madison County filed a petition to reconsider the ALJ's decision.[4] Madison County gave the following account as to why a representative was not present at the prehearing conference:

> William S. Carman, Sr., attorney for Madison County did not receive Notice of the pre-hearing conference by the Administrative Judge.[5]
> . . .
> . . . [T]he Madison County Assessor contacted counsel and briefed him on the matter. The inference was drawn by counsel . . . that the hearing of this matter set for November 29, 2004 would be a formality, the finding in SPRING HILL, L.P., et al. v. TENNESSEE STATE BOARD OF EQUALIZATION, et al., being dispositive. A further inference drawn, in error, was that the various counties' interest, including Madison County's interest, would be represented by the Division of Property Assessments.
> . . .
> Thereafter, staff for counsel was instructed to place a call to counsel for the Division of Property Assessments, the purpose being to confirm that the Division of Property Assessments would represent Madison County's interest in the hearing on November 29, 2004. For reasons impossible to determine, that call was never made and the

---

[3](...continued)
Tenn. Code Ann. § 4-5-309(a) (emphasis added).

[4] "Any party, within fifteen (15) days after entry of an initial or final order, may file a petition for reconsideration, stating the specific grounds upon which relief is requested. . . ." Tenn. Code Ann. § 4-5-317(a).

[5] The petition goes on to clarify that "Counsel makes no assertion that he is entitled as a matter of law or regulation, to courtesy of Notice, when Notice is given directly to his client, nor does he demand extraordinary communications to assure there is no confusion as to a docketed matter." **(Vol 1 p45).** Rather, Madison County argued that customarily, especially in civil courts, "a courtesy call will be made to the secretary of counsel, by staff, to inquire whether or not counsel has been detained in another matter. . . . Counsel does not seek to impose rules or courtesies of the civil courts upon the Administrative Judge, but respectfully submits there is a rational basis for giving Notice to counsel and for other courtesies."

> matter was not placed on counsel's calender. Counsel did not appear at the hearing.

Madison County argued that the "failure to appear on November 29, 2004, is due to excusable neglect for failures of communication and not the fault [of] any person or party, but, under the circumstances, nevertheless, excusable, for the reasons shown."

The ALJ did not act on the petition within twenty days, which had the effect of a denial.[6] Madison County failed to appeal the orders to the Assessment Appeals Commission after the ALJ denied the petition to reconsider.[7]

The Assessment Appeals Commission issued the Official Certificates of Assessment on March 8, 2005. On March 22, 2005, Madison County filed a motion to reconsider the official certificates with both the ALJ and with the Board, seeking relief under Rule 60.02 of the Tennessee Rules of Civil Procedure, as embodied in section 1360-4-1-.01(3) of Uniform Rules of Procedure for Hearing Contested Cases Before State Administrative Agencies.[8] The ALJ denied the motion to set aside the default judgment, and Madison County did not appeal this ruling. The Board, on the other hand, granted Madison County's motion to set aside the judgment and remanded the matter to the ALJ. The taxpayer defendants then filed a petition with the Board, asking that the Board reconsider its order setting aside the default judgment.[9] The Executive Director of the Board sent a letter to the ALJ which denied the taxpayer defendants' motion to reconsider.

The taxpayer defendants filed a petition for review in chancery court in Madison County, challenging the fact that the Board entered an order setting aside the original default judgment without holding a hearing. Thereafter, the Board held a hearing on December 7, 2005, reversing its prior order and reinstating the default judgment against Madison County. The Board's order reinstating the default judgment reads, in relevant part: "[T]he Order Setting Aside Default dated May 4, 2005, should be vacated. [R]elief under to [sic] TRCP 60.02 is not available to Madison County pursuant to the Tennessee Supreme Court's holding in ***Food Lion, Inc. v. Washington Co.***

---

[6] "If no action has been taken on the petition within twenty (20) days, the petition shall be deemed to have been denied." Tenn. Code Ann. § 4-5-317(c).

[7] "Appeals from initial decisions of administrative judges or hearing examiners for the state board of equalization must be filed within thirty (30) days from the date the initial decision is sent." Tenn. Code Ann. § 67-5-1501(c).

[8] " In any situation not specifically addressed by these rules, reference may be made to the Tennessee Rules of Civil Procedure for guidance as to the proper procedure to follow, where appropriate and to whatever extent will best serve the interests of justice and the speedy and inexpensive determination of the matter at hand."

[9] Among other issues, the taxpayer defendants alleged that the Board violated Rule 0600-1-.15 of the Rules of the State Board of Equalization by failing to hold a hearing. The taxpayer defendants also argued that the Board acted in contravention of the Open Meeting Act, Tenn. Code Ann. § 8-44-103(b).

***Beer Board, et al.***, 700 S.W.2d 893, 895 (Tenn. 1985). [T]he final Official Certificates entered on March 8, 2005, are reinstated."

On January 10, 2006, Madison County filed a petition for review in chancery court pursuant to Tenn. Code Ann. § 4-5-322, seeking review of the Board's reinstatement of the default judgment. **(Vol 1 p1).** The Board filed an answer and both sides filed motions for summary judgment. The chancery court held a hearing on both motions for summary judgment on January 10, 2007. The court took the matter under advisement, and on April 30, 2007, granted the taxpayer defendants' motion for summary judgment.[10] The chancery court summarized the matter before it as "whether or not there are genuine issues of material fact which would mandate a hearing on [Madison County's] Petition for Review. If there are, then the hearing would proceed whereby the Board's action in reinstating the default judgment would be reviewed using the standard set for[th] in Tennessee Code Annotated §4-5-322 (h)(1-5)." The court went on to point out that "[w]hile the County would have the Court focus on the perceived unjust and inappropriate default judgment rendered by the ALJ on November 29, 2004, that issue is not before this Court." The chancery court determined that the "main disputed 'fact' is whether or not the staff attorneys for the Division of Property Assessments w[ere] representing the County at the November 29, 2004 [pre-conference] hearing." The court pointed out that the issue "has been reviewed by the ALJ two times and the Board one time. All have denied relief after full consideration of this core issue."

The chancery court proceeded to analyze whether Madison County had offered any proof that the Board arbitrarily or capriciously denied its motion for Rule 60 relief. The chancery court found that "[t]he Board obviously considered these arguments at the full hearing on December 7, 2005 and rendered a conclusion that because the County failed to present an adequate excuse for failing to appeal the adverse rulings of the ALJ, that it was not entitled to Rule 60 relief." The court concluded that Madison County "has failed to present any admissible evidence that the Board, in making it's decision, [sic] violated any of the standards under which their actions are to be judged. While reasonable minds might disagree as to the correctness of the ruling, the Court should not substitute it's judgment [sic] for that of the Board[.] . . ." It is from this ruling that Madison County now timely appeals to this Court.

## II. Issues Presented

Madison County contends that the chancery court erred in granting the Board's motion for summary judgment because the Board arbitrarily and capriciously denied Madison County's Rule 60.02 motion to set aside the default judgment. We affirm the decision of the chancery court.

---

[10] The order incorporated Chancellor Butler's findings of fact and conclusions of law, which were contained in a letter to the parties dated April 13, 2007.

### III. STANDARD OF REVIEW

When dealing with a decision made by an administrative agency following a contested case proceeding, this Court applies the same standard of review as that applied by the chancery court. *Terminix Intern. Co., L.P. v. Tennessee Dept. of Labor*, 77 S.W.3d 185, 191 (Tenn. Ct. App. 2001) (citing *Ware v. Greene*, 984 S.W.2d 610, 614 (Tenn. Ct. App. 1998)). Thus, we are guided by the standards set forth in Tenn. Code Ann.§ 4-5-322(h):

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.

"Factual issues are reviewed upon a standard of substantial and material evidence, and not upon a broad, de novo review." *Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984) (citing *CF Industries v. Tennessee Public Service Commission*, 599 S.W.2d 536, 540 (Tenn. 1980)); *see also Mosley v. Tennessee Dept. of Commerce and Ins.*, 167 S.W.3d 308, 316 (Tenn. Ct. App. 2004) ("[T]his Court's review of the facts is limited to a determination of whether or not there is substantial and material evidence in the record to support the decision of the administrative agency."); *Wayne County v. Tennessee Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279 (Tenn. Ct. App. 1988) (citations omitted). We must uphold the agency's factual determination if there exists "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Id.* at 279–80 (quotation omitted). Substantial and material evidence means something more than a scintilla or glimmer, but something less than a preponderance of the evidence. *Mosley*, 167 S.W.3d at 316 (quoting *Wayne County v. Tennessee Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 280 (Tenn. Ct. App. 1988)).

An agency decision is considered arbitrary and capricious if it is not supported by substantial and material evidence, or if the decision rendered was "caused by a clear error in judgment." *Jackson Mobilphone Co., Inc. v. Tennessee Public Service Comm'n*, 876 S.W.2d 106, 110 (Tenn. Ct. App. 1993) (citations omitted). "An arbitrary decision is one that is not based on any course of reasoning or exercise of judgment, or one that disregards the facts or circumstances of the case without some basis that would lead a reasonable person to reach the same conclusion." *Id.* at 111 (internal citations omitted).

## IV. Discussion

First, Madison County argues that the Board acted arbitrarily and capriciously by upholding the default judgment against it because the ALJ "used procedure not in accord with the law[.]"[11] Later in its brief, Madison County argues that "in granting the default judgment, the ALJ failed to hear proof on the valuation of properties and failed to apply the *Spring Hill* decision which was the law of the State of Tennessee." If Madison County disputed the valuation employed by the ALJ, then it could have proceeded via the proper avenues of appeal. Likewise, if Madison County believed that the Division of Property Assessments appeared on its behalf at the hearing, it had the opportunity to appeal the ALJ's decision. It is undisputed that the Madison County Property Assessor failed to appear at the pre-hearing conference. Madison County contends, however, that the Division of Property Assessments agreed to appear on its behalf, and an attorney from the Division of Property Assessments was present at the hearing. Whether the Division of Property Assessments was in fact acting on behalf of Madison County is a question of fact, and there is substantial and material evidence in the record to support the Board's conclusion that the Division of Property Assessments was not representing Madison County. But in any event, this is not the issue at hand. We find Madison County's argument somewhat circular, leading back to the fact that they failed to appeal the ALJ's denial of their petition to reconsider. Thus, the issue before the Board was whether Madison County's "ignorance of the law" in failing to appeal was excusable error or fell under some other provision under Rule 60.02 which would entitle them to relief.

As to this issue, Madison County argues that Rule 60 should be given liberal construction.[12] Again, Madison County ignores the fact that they failed to appeal, and that failure, admittedly, was due to its attorney's unfamiliarity with the law. The case law is clear that "mistake" as contemplated in Rule 60.02 does not include a mistake in law. *See generally **Kilby v. Sivley***, 745 S.W.2d 284, 287 (Tenn. Ct. App. 1987) ("The mere fact that a lawyer is ignorant of the rules or mistakenly reads the rules is not within itself reason to invoke Rule 60.02(1), Tenn. R. Civ. P. To grant relief in every case where a lawyer is mistaken about the rules or is negligent in reading the rules would emasculate the rules pertaining to filing of notice of appeal."). As our Supreme Court explained in ***Food Lion, Inc. v. Washington County Beer Board***, 700 S.W.2d 893, 896 (Tenn. 1985), "[i]f this Court were to hold that ignorance of the law is a proper ground for relief under Rule 60.02, Tennessee Rules of Civil Procedure, it is hard to conceive how any judgment could be safe from assault on that ground."

---

[11] Madison County states in its brief that the Board's decision was unsupported by substantial and material evidence, and thus, is arbitrary and capricious. Madison County fails to support the contention or mention the issue again. Thus, we will not address it. *See **Bean v. Bean***, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000).

[12] As to the cases cited by Madison County in support of its argument, we agree with the Board that the cases are distinguishable in that they all dealt with lack of notice. In this case, there is no dispute that Madison County received notice of the pre-hearing conference.

Finally, Madison County argues that the defendant taxpayers received an inequitable tax break, and that "[u]nequal treatment under the law by the government is an injustice."  Regardless of whether this argument has any merit, the fact of the matter is that we are not going to substitute our judgment for that of the Board's, as we find substantial and material evidence to support its decision to deny Rule 60.02 relief.  In sum, we find that the Board did not act arbitrarily and capriciously, and thus we affirm the decision of the chancery court.


## V.  CONCLUSION


For the aforementioned reasons, we affirm the decision of the chancery court.  Costs of this appeal are taxed to Appellant, Madison County, for which execution may issue if necessary.


_____
ALAN E. HIGHERS, P.J., W.S.